**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles OGDEN, Defendant–Appellant.**

No. 96–2754.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 7, 1996.

Decided Dec. 16, 1996.

Thomas A. Keith (submitted), Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Paul R. Byers, Aurora, IN, for Defendant–Appellant.

Before FLAUM, DIANE P. WOOD, and EVANS, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

In recent years, the government has taken to including a waiver of the right to appeal the sentence imposed in some of its plea agreements. This case illustrates the confusion that can arise due to the fact that a significant period of time often elapses between the time the court accepts a guilty plea and the time it pronounces sentence. The question before us is straightforward: will a routine comment by the court at the conclusion of the sentencing hearing to the effect that the defendant has the right to appeal override an otherwise valid waiver, or will the defendant be bound to his bargain?

On April 5, 1996, Charles Ogden pleaded guilty to the use of interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. He also entered into a plea agreement, which provided in part that:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

During his plea hearing, after a thorough colloquy with the district judge, Ogden again expressly waived his right to appeal. The court subsequently sentenced him on July 12, 1996, to 87 months imprisonment, a $65,000 fine, a supervised release term of two years, and a $50 special assessment. Under 18 U.S.C. § 1958, he could have been sentenced to a maximum penalty of ten years of imprisonment, a maximum fine of $250,000, a supervised release term of not more than three years, and a $50 special assessment.

The problem before us today arose when the district court, at the conclusion of the sentencing hearing, stated that Ogden had a right to appeal his sentence and that his notice of appeal would be due within ten days. Taking what he perceived to be the invitation, Ogden filed a notice of appeal. The government has now moved to dismiss the appeal for lack of jurisdiction, citing Ogden's written waiver in the plea agreement and his statement to the district court during the Rule 11 colloquy. In response, Ogden admits that he waived his right to appeal on both those occasions, but he argues that the district court's parting words at the end of the sentencing hearing somehow overrode this part of the plea agreement and restored his ability to appeal. We think that he has read too much into the court's statement and too little into the language of the plea agreement.

First, the district court's comments were general and did not make any reference whatsoever to the plea agreement. They were nothing more than the routine admonishment normally required by Fed.R.Crim.P. 32(c)(5). Had the court intended to unravel the plea agreement by dissecting out its waiver of appeal provision, the procedure would necessarily have been quite different. Criminal Rule 32(e) allows the court to permit the withdrawal of a plea prior to the imposition of sentencing, but there was no motion to set aside the plea agreement before the court. If the district court had intended to revisit the issue of Ogden's appeal waiver, nothing short of setting aside the plea agreement would have sufficed. Cf. *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 156, 136 L.Ed.2d 101 (1996) (district court cannot retain a plea but discard the

agreed-upon sentence). Yet the court's statement came after sentence had been pronounced—a time after the period established under Rule 32(e) for such action (aside from the possibility of collateral relief under 28 U.S.C. § 2255). There is no indication that the court meant to do anything so radical. Instead, the comments were pure boilerplate.

Furthermore, a careful examination of the language of the plea agreement quoted above demonstrates that the court's comments were technically correct. The waiver applies only to sentences within the statutory maximum. If Ogden had been able to raise a non-frivolous argument that his sentence exceeded that maximum, he could have appealed even under the language of this waiver. Here, of course, Ogden's sentence is comfortably within the statutory maximum, and he does not contest the fact that his plea agreement (including the waiver) was knowing and voluntary. As such, it is an enforceable part of the agreement, and he is barred from pursuing this appeal. See *United States v. Wenger,* 58 F.3d 280, 282–83 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 349, 133 L.Ed.2d 245 (1995); *United States v. Schmidt,* 47 F.3d 188, 190–92 (7th Cir.1995).

Our holding today is consistent with the only decision we have located that addresses a district court's ability to restore a defendant's right to appeal. In *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 1445, 134 L.Ed.2d 565 (1996), the defendant entered a plea of guilty that did not mention any conditions and that did not reserve in writing the right to appeal permitted by Fed.R.Crim. P.11(a)(2). At the sentencing hearing, the district court noted that the defendant had raised an earlier speedy trial claim. The court then told the defendant that he could raise that claim on appeal and appointed appellate counsel for him. The Second Circuit held that the court's misstatement at sentencing did not restore the defendant's right to appeal the speedy trial claim. The district court had acted *sua sponte,* without the government's consent, and the defendant could not have detrimentally relied on the court's remarks because it was too late to condition his plea.

Similarly, the district court's statement at the close of the sentencing hearing did not affect Ogden's prior waiver of his right to appeal. As we indicated at the outset, however, the district courts face a practical problem created by the passage of time between the acceptance of a plea and the imposition of sentence. By the time the sentencing hearing takes place, the court may not recall which pleas contained this type of waiver, what its scope might have been, and what modification in the normal advice given under Fed.R.Crim.P. 32(c)(5) is accordingly required. Since a waiver of appeal is a term that benefits the government, we believe the better practice would be for the government to call that term to the sentencing judge's attention at an appropriate time during the sentencing hearing. The judge will then be in a position to tailor the notification of the right to appeal to the terms of the plea agreement. We also urge the district judges themselves to be aware of this problem if and when they accept plea agreements with appeal waivers.

For the reasons stated, the appeal is DISMISSED.