114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton KELLY, Defendant-Appellant.
 No. 96-3974.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.
Decided May 2, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied June
2, 1997.*
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 As part of a plea bargain, Milton Kelly signed an agreement waiving his right to appeal his sentence. Following his sentence of 291 months' imprisonment, Kelly appealed anyway. His lawyer has filed an Anders brief asking for leave to withdraw.
 
 
 2
 We grant that motion and dismiss the appeal. None of the arguments covered in the Anders brief establishes any colorable ground on which to disregard the waiver of the right to appeal. The court's formulaic statement at the close of sentencing that the defendant is entitled to appeal does not do so. See United States v. Ogden, 102 F.3d 887 (7th Cir.1996).
 
 
 3
 For Kelly's benefit, we add that this disposition is without prejudice to his right to file a petition under 28 U.S.C. § 2255 asking to have the plea agreement set aside. After counsel filed the Anders brief, we invited Kelly to respond. See Circuit Rule 51(a). Kelly did not attempt to identify any non-frivolous issues for appeal, let alone argue that we are free to disregard his waiver. But he did assert that counsel who represented him at the time of his plea labored under a conflict of interest because the attorney represents, in unrelated civil litigation, a party whose interests are adverse to Kelly's. A conflict of interest may justify vacatur of the plea. See Cuyler v. Sullivan, 446 U.S. 335 (1980); Stoia v. United States, 22 F.3d 766, 770 (7th Cir.1994). If the plea were set aside, the waiver of the right to appeal (and to attack the sentence in any post-conviction proceeding) would fall with it; and if a motion under § 2255 were made and denied, Kelly could appeal from that order without encountering any obstacle under paragraph 15 of the plea agreement, which deals only with the right to contest the calculation of the sentence.
 
 
 4
 But it would be premature for us to entertain arguments now on the claim of conflict of interest, for it is not clear that Kelly wants to withdraw his plea. He did not ask for that relief in the district court and even today may believe that the plea bargain's advantages (which include a substantial downward departure from the normal sentencing range) outweigh its disadvantages. See United States v. Wagner, 103 F.3d 551 (7th Cir.1996). So long as the plea agreement stands, the waiver of the right to appeal must be enforced. United States v. Wenger, 58 F.3d 280 (7th Cir.1995).
 
 
 5
 The appeal is dismissed for want of jurisdiction.
 
 
 6
 RIPPLE, Circuit Judge, dissenting.
 
 
 7
 In this direct criminal appeal, counsel has filed a motion to withdraw on the ground that there are no non-frivolous issues that may be brought to the attention of this court. The defendant submits in reply that the attorney filing this motion, who also represented him in the district court, has a conflict of interest. This allegation ought to be resolved before we rule on the motion to withdraw and summarily affirm the defendant's conviction. I would therefore remand this case to the district court for the limited purpose of conducting a hearing on the allegation that counsel presenting the motion before us has a conflict of interest.
 
 
 
 *
 Judge Ripple voted to grant rehearing