124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory L. MARSHALL, Defendant-Appellant.
 No. 97-1451.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 13, 1997.*
Decided August 13, 1997
 
 Appeal from the United States District Court for the Central District of Illinois.
 ORDER
 Before COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 
 1
 Gregory Marshall, pursuant to a plea agreement, pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The parties agreed that the district court would resolve a pending petition alleging that Marshall violated the terms of his supervised release at the sentencing hearing. The district court sentenced Marshall to 10 months' imprisonment on the drug charge and, after concluding he violated the terms of his supervised release, a 21-month term to run consecutively to the drug sentence. Marshall filed a timely notice of appeal, but his attorney has filed a motion to withdraw and to dismiss the appeal because, in his opinion, there are no non-frivolous grounds for appeal. Anders v. California, 386 U.S. 738 (1967): United States v. Wagner, 103 F.3d 551 (7th Cir.1996). In accordance with Circuit Rule 51(a), the clerk informed Marshall of his attorney's actions and notified him of his opportunity to respond. He has not done so. We grant counsel's motion and dismiss the appeal.
 
 
 2
 In the plea agreement, Marshall waived his right to appeal any sentence imposed within the maximum terms provided under 21 U.S.C. § 841. (R. 21, Plea Agreement at 4, p 15.) Section 841(b)(l)(C) authorizes a maximum penalty of 30 years' imprisonment for offenders like Marshall who have a prior conviction for a felony drug offense. This court consistently enforces waiver provisions in plea agreements. See, e.g., United States v. Feichtinger, 105 F.3d 1188 (7th Cir.), cert. denied, 65 U.S.L.W. 3825 (U.S. June 16, 1997); United States v. Ogden, 102 F.3d 887 (7th Cir.1996); United States v. Wenger, 58 F.3d 280 (7th Cir.), cert. denied, 116 S.Ct. 349 (1995). As we stated in Feichtinger, "the right to appeal is a statutory right, and like other rights--even constitutional rights--which a defendant may waive, it can be waived in a plea agreement." 105 F.3d at 1190.
 
 
 3
 Marshall's sentence is well within the statutory maximum. Thus he is barred from claiming anything other than that the plea agreement was not knowing and voluntary. Ogden, 102 F.3d at 889. This he has not done. This court will not infer a challenge to the validity of a plea agreement from the mere filing of a notice of appeal. Cf Wagner, 103 F.3d at 552 (noting that a defendant "may have pleaded guilty in exchange for a sentencing concession that he very much wants to retain and he may end up with a longer sentence if the plea is reversed."). In any event, our review of the change of plea hearing transcripts indicates that there is no basis for challenging the validity of the plea agreement.
 
 
 4
 Therefore, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.
 
 
 
 *
 Pursuant to Circuit Rule 51(a), we notified the defendant of his counsel's motion to withdraw and gave him until June 30, 1997 to file a response. The defendant has not responded. After an examination of the Anders brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the brief and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)