142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RONALD C. RAY, Defendant-Appellant.
 No. 97-3470.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 12, 1998.
Decided March 12, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 96-30053, Richard Mills, Judge.
 Before HON. RICHARD A. POSNER, Chief Judge, HON. WALTER J. CUMMINGS, HON. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On October 23, 1996, a grand jury returned a four-count indictment against Ronald Ray charging him with one count of conspiracy to distribute methamphetamine and three counts of distribution of methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841(a)(1). Ray pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute methamphetamine and was sentenced by the district court to 120 months' imprisonment. Ray's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Ray was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), but he has not availed himself of this opportunity. Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997), United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel states four possible grounds for appeal. First, Ray could seek to contest the length of his sentence. This argument lacks merit, however, because Ray waived his right, pursuant to his plea agreement, to appeal a sentence that did not exceed 120 months. This court consistently enforces waiver provisions in plea agreements. See, e.g., United States v. Feichtinger, 105 F.3d 1188 (7th Cir.), cert. denied, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); United States v. Ogden, 102 F.3d 887 (7th Cir.1996). As we stated in Feichtinger, "the right to appeal is a statutory right, and like other rights--even constitutional rights--which a defendant may waive, it can be waived in a plea agreement." 105 F.3d at 1190. Because Ray's sentence does not exceed 120 months, he is barred from challenging the length of his sentence.
 
 
 3
 Second, Ray could contest the district court's refusal to grant him a downward departure from the statutory minimum sentence of 120 months pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. This argument also would be frivolous. The "safety valve" provision permits courts to deviate from statutory minimum sentences in cases involving defendants who are "first-time, nonviolent drug offenders who were not organizers of criminal activity and who have made a good faith effort to cooperate with the government.' " Id. at 1099 (quoting United States v. Arrington, 73 F.3d 144, 147 (7th Cir.1996)). In this case, the district court denied Ray the benefit of this provision because he did not meet two of the provision's five eligibility requirements. Specifically, the district court found that Ray is not a first-time offender and that he repeatedly refused to disclose information to the government regarding his offense. Nothing in the record indicates that these findings were clearly erroneous. See United States v. Ramirez, 94 F.3d 1095, 1099-1100 (7th Cir.1996). Indeed, counsel for Ray conceded at the sentencing hearing that Ray had a prior drug conviction and that he had not provided the government with any information. Any appeal of this issue therefore would be meritless.
 
 
 4
 Counsel identifies as a third non-meritorious basis of appeal a claim of ineffective assistance of counsel based upon counsel's deficient performance before and during the entry of the guilty plea. We agree with counsel that this claim would be frivolous. First, claims of ineffective assistance of counsel typically are inappropriate on direct appeal because they require determination of matters outside of the trial record. United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997), United States v. Woolley, 123 F.2d 627, 634 (7th Cir.1997). Moreover, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Ray must show "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v.. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, there is no indication that Ray was in any way prejudiced by counsel's actions before and during the entry of the plea agreement. In fact, Ray admitted at the plea hearing that he "had plenty of opportunity to discuss [his] case with [his] counsel" and that he was "satisfied with their representation of [his] interests."
 
 
 5
 Finally, counsel suggests that Ray could argue that the cumulative effect of numerous errors that occurred throughout his case effectively denied him a fair adjudication. Counsel characterizes this claim as a non-meritorious "buckshot" or "cumulative effects" argument, wherein Ray would allege the existence of several errors in the hope "that a pellet will strike." United States v. Boyles, 57 F.3d 535, 549 (7th Cir.1995); United States v. Price, 988 F.2d 717, 722 (7th Cir.1993). We agree that such a claim would be frivolous. To succeed on a "cumulative effects" argument, the defendant must "prevail on at least one of his challenges," United States v. Akinsanya, 53 F.3d 852, 859 (7th Cir.1995), and our review of the record fails to show how he could do so.
 
 
 6
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.