151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Johnny STENNIS, Defendant-Appellant.
 No. 98-1033.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 14, 1998.
Decided May 18, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 97-CR-30037 Paul E. Riley, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Johnny Stennis pleaded guilty to being a felon in possession of a firearm and possessing an unregistered firearm in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d). The district court accepted Stennis's guilty plea and sentenced him to eighty-four months' imprisonment. Stennis's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she considers an appeal to be without merit or possibility of success. Although Stennis was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), he has not responded. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 In her Anders brief, counsel identifies four potential areas for appeal and explains why each would be frivolous. First, counsel notes that Stennis could claim that his guilty plea was not knowing and voluntary. Because Stennis does not seek to withdraw his guilty plea, however, we need not examine the voluntariness of his plea agreement. Wagner, 103 F.3d at 552. In addition, by entering into the guilty plea, Stennis waived all non-jurisdictional challenges to his conviction's constitutionality. United States v. Markling, 7 F.3d 1309, 1312 (7th Cir.1993). We therefore agree with counsel's conclusion that a potential claim regarding the voluntariness of his plea agreement would be frivolous.
 
 
 3
 Second, counsel states that Stennis could argue that the district court committed a procedural error at sentencing. As counsel suggests, however, no procedural errors were made. The district court complied with Federal Rule of Criminal Procedure 32(a)(2) by providing both parties with notice of the recommended offense level and classification. The court permitted Stennis and his attorney the opportunity to speak at the sentencing hearing, and the court informed Stennis of his right to appeal. Because the district court did not commit any procedural errors, counsel correctly concludes that an appeal on this issue would be frivolous.
 
 
 4
 Third, despite Stennis's valid waiver of appeal, counsel states that Stennis could appeal his sentence. This claim also would be frivolous because the waiver of appeal contained in Stennis's plea agreement was valid. The district court confirmed that the waiver was voluntary and entered into after Stennis consulted with his attorney. This court consistently enforces waiver provisions in plea agreements. See, e.g., United States v. Feichtinger, 105 F.3d 1188 (7th Cir.), cert. denied, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); United States v. Ogden, 102 F.3d 887 (7th Cir.1996).
 
 
 5
 Finally, counsel notes that Stennis could argue that the district court abused its discretion in denying his motion for a downward departure pursuant to U.S.S.G. § 5K2.11, which permits a departure when the defendant committed the crime to avoid a perceived greater harm. The district court heard argument from both sides regarding the motion. Stennis explained that he committed the offense in the hope of moving his family to a better neighborhood, and that public interest and his family's welfare would be served by the downward departure. The district court considered the motion for a downward departure and exercised its discretion in denying the motion. This court, therefore, lacks jurisdiction to review the district court's refusal to depart from the Guidelines. United States v. Wilson, 134 F.3d 855, 869-70 (7th Cir.1998); United States v. Poff, 926 F.2d 588, 590 (7th Cir.1991).
 
 
 6
 Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.