165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph MAKOWSKI, Defendant-Appellant.
 No. 97-2151.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 13, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 96-CR-41. Robert L. Miller, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 After initially pleading not guilty to one count of transporting in interstate commerce a fraudulently procured $95,000 treasurer's check in violation of 18 U.S.C. § 2314, Joseph Makowski changed his plea to guilty pursuant to a written plea agreement. On April 17, 1997, the district court sentenced Makowski to 51 months' imprisonment, followed by a three-year term of supervised release, and imposed a $10,000 fine and a $40,000 restitution order. On April 27, 1997. Makowski claims to have deposited his pro se notice of appeal in his prison's internal mail system after his court-appointed attorney. Arvil Howe, refused to file a notice of appeal on his behalf. The notice of appeal did not arrive in a timely fashion After learning of Makowski's pro se attempt at filing an appeal, this court reminded Howe of his continuing obligation to represent Makowski and ordered him to comply with the provisions of Fed. R.App. P. 10(b) regarding the preparation of transcripts. We also ordered Makowski to file an affidavit or statement informing the court when his appeal was mailed and whether first class postage was prepaid. Many months elapsed between these orders (and other similar orders requesting compliance with the court's rules), but Makowski eventually filed a statement regarding the mailing of his notice of appeal, and Howe eventually filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Makowski was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), but he has not availed himself of this opportunity. Instead, he filed a pro se motion seeking appointment of new counsel, in which he asserted that Howe rendered ineffective assistance. Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We will also consider Makowski's claim of ineffective assistance of counsel and his request for new counsel. We grant counsel's motion to withdraw, deny Makowski's motion for appointment of new counsel, and dismiss the appeal.
 
 
 2
 Counsel identifies two possible grounds for appeal that he considers frivolous. First, Makowski could argue that his plea was not knowingly or voluntarily entered. However, because Makowski does not ask to withdraw his guilty plea, we need not examine the voluntariness of his plea. See Wagner, 103 F.3d at 552.
 
 
 3
 Second, counsel suggests that Makowski could seek to appeal the length of his sentence. This argument also would be meritless because Makowski waived his right, pursuant to a written plea agreement, to appeal a sentence that did not exceed the statutory maximum for his offense (ten years). This court consistently enforces waiver provisions in plea agreements. See, e.g., United States v. Standiford, 148 F.3d 864, 866 (7 th Cir.1998); United States v. Feichtinger, 105 F.3d 1188 (7th Cir.), cert. denied, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); United States v. Ogden, 102 F.3d 887 (7th Cir.1996). As we stated in Feichtinger, "the right to appeal is a statutory right, and like other rights-even constitutional rights--which a defendant may waive, it can be waived in a plea agreement." 105 F.3d at 1190. Because Makowski's sentence does not exceed the statutory maximum of ten years, he is barred from challenging anything relating to the length of his sentence, including the district court's amount-of-loss calculation; the government's refusal to recommend a two-level reduction of his base offense level for acceptance of responsibility; the district court's imposition of a two-level increase for obstruction of justice; and the number of criminal history points used to establish his criminal history category.
 
 
 4
 In his motion for appointment of new counsel, Makowski raises an ineffective assistance of counsel claim based upon his attorney's allegedly deficient performance before and during the entry of the guilty plea. Typically, claims of ineffective assistance of counsel are inappropriate on direct appeal because they require determination of matters outside of the trial record. United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997); United States v. Woolley, 123 F.2d 627, 634 (7th Cir.1997). In this case, we believe the issues raised require an assessment beyond the scope of the present record. Aside from Makowski's contention that his attorney urged him to plead guilty despite his frequent protestations of innocence. Makowski does not enumerate or describe the myriad of alleged situations in which his counsel advised him incorrectly. Because the record "does not provide clear evidence of the ineffective assistance of counsel," the problem is "not ripe for adjudication at the appellate level." United States v. Lang, 644 F.2d 1232, 1240 (7th Cir.1981).
 
 
 5
 Because we conclude that there are no nonfrivolous issues for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED. Makowski's motion for appointment of counsel is DENIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)