**UNITED STATES of America, Appellee,**

v.

**Anthony BERRIOS, Fred Albino, Jose Hernandez, Manuel Hernandez, Carlos Rodriguez, Defendants–Appellees.**

Nos. 05–6654–cr(L), 06–1202–cr, 06–1239–cr, 06–1860–cr, 06–4256–cr, 06–4257–cr.

United States Court of Appeals, Second Circuit.

May 27, 2008.

Timothy W. Hoover, Federal Public Defender's Office, Buffalo, NY, for Defendant–Appellant Anthony Berrios.

Thomas Theophilos, Buffalo, NY, for Defendant–Appellant Fred Albino.

Peter J. Pecoraro, Buffalo, NY, for Defendant–Appellant Jose Hernandez.

Jonathan Edelstein (Abraham Abramovski, on the brief), New York, NY, for Defendant–Appellant Manuel Hernandez.

John J. Molloy, West Seneca, NY, for Defendant–Appellant Carlos Rodriguez.

Monica J. Richards, Assistant U.S. Attorney (Terrance P. Flynn, U.S. Attorney, on the brief, Stephan J. Baczynski, Assistant U.S. Attorney, of counsel), U.S. Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY and J. CLIFFORD WALLACE, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Anthony Berrios, Fred Albino, Jose Hernandez, Manuel Hernandez, and Carlos Rodriguez appeal from judgments of conviction arising from their involvement in a cocaine distribution conspiracy in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Berrios, who was convicted pursuant to a guilty plea, challenges as unreasonable the sentence of sixty-three months imprisonment imposed by the District Court. We agree that this sentence was procedurally unreasonable because the District Court did not "set forth enough [of its reasoning] to satisfy the appellate court that [it] ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). At the sentencing hearing, the District Court did not calculate Berrios's

offense level or Guidelines range, did not refer to 18 U.S.C. § 3553(a) or any of its factors (other than general deterrence), did not adopt the pre-sentence investigation report, and did not address the "history and characteristics of the defendant," 18 U.S.C § 3553(a)(1), other than to say, in a subsequent order, that Berrios's sentence was "more harsh than his personal acts and character required." The only basis offered by the District Court for its sentence was general deterrence, but "[a] sentence must reflect consideration of the balance of the § 3553(a) factors; unjustified reliance upon any one factor is a symptom of an unreasonable sentence." *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir.2006). Accordingly, we vacate Berrios's sentence and remand his case to the District Court for re-sentencing consistent with this order. In so doing, we reject the government's argument that Berrios has waived his right to file this appeal. Based on our review of the record, we conclude that Berrios is not bound by the appeal waiver contained in his plea agreement because the District Court did not "ascertain that the waiver was fully understood and voluntary." *United States v. Tang*, 214 F.3d 365, 368 (2d Cir.2000); *see also* Fed. R. Crim P. 11(b)(1)(N).

■ Rodriguez challenges his conviction on the grounds that (1) it was an abuse of discretion for the District Court to deny his request to withdraw his plea of guilty and (2) the plea, in any event, was not knowing and voluntary. We agree with Rodriguez's latter challenge. Our determination of whether Rodriguez made a knowing and voluntary plea is sharply constrained by the District Court noncompliance with Rule 11's requirement that a sentencing court "address the defendant personally in open court ... [and] inform the defendant" of, *inter alia*, the charged crime, important trial rights, and the appli-

cable maximum and minimum penalties. Fed.R.Crim.P. 11(b)(1). *See United States v. Harrison,* 241 F.3d 289, 292 (2d Cir. 2001) ("Rule 11 sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." (internal quotation marks omitted)). The sentencing transcript shows that the Court's only efforts in this regard were to verify that Rodriguez signed the plea agreement and that he did so, in its words, "voluntarily and knowingly." Indeed, the Court did not take the minimal step of identifying the charges against Rodriguez, never mind the maximum and minimum penalties. Aside from testimony at the ensuing plea-withdrawal hearing from Rodriguez's former attorney—who allegedly "pressured" Rodriguez to plead guilty—that he explained the plea agreement "sentence-by-sentence, phrase-by-phrase" to Rodriguez, no other evidence in the record shows that Rodriguez made a knowing decision to plead guilty at the time of his plea allocution. From this record, we cannot conclude that Rodriguez made a knowing and voluntary plea. Accordingly, we vacate Rodriguez's conviction and remand his case for trial.

Fred Albino, Jose Hernandez, and Manuel Hernandez, who were convicted after a jury trial, bring several challenges to their convictions and sentences, most of which lack merit.

■ First, they contend that their convictions for participating in a conspiracy to distribute 500 grams to five kilograms of cocaine constituted a constructive amendment of the indictment, which charged a conspiracy to distribute five kilograms or *more* of cocaine. This objection was not raised in the District Court, so we review it for plain error. *See United States v. Thomas,* 274 F.3d 655, 660 (2d Cir.2001).

We have held that an "indictment need not charge the defendant with [a] lesser offense in order for the trial court to submit that offense to the jury." *United States v. Dhinsa,* 243 F.3d 635, 674 (2d Cir.2001). Defendants contend that the lesser included offense of which they were convicted was not properly presented to the jury because the District Court did not give a discrete lesser-included-offense jury charge. Even if that contention were true, however, the putative error did not "seriously affect[ ] the fairness and the public reputation of judicial proceedings," *Thomas,* 274 F.3d at 660, in this case and therefore does not provide a basis for vacating their convictions.

■ Second, Jose and Manuel Hernandez contend that the government suppressed information related to the psychiatric problems of a key witness, Alvin Ozoria, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The record shows, however, that in a letter dated September 6, 2005—one month before trial—the government disclosed that "Ozoria suffers from one or more psychological problems." Assuming that the government had further evidence of those problems but failed to provide it to defense counsel, that omission was not in violation of *Brady* and *Giglio* because, in light of the wealth of impeachment evidence available with respect to Ozoria, "the undisclosed evidence [was] cumulative, and hence not material." *Shabazz v. Artuz,* 336 F.3d 154, 166 (2d Cir.2003) (quoting *United States v. Avellino,* 136 F.3d 249, 257 (2d Cir.1998)).

Third, Fred Albino, Jose Hernandez, and Manuel Hernandez challenge the adequacy of the District Court's jury instructions on several issues, including the elements of the conspiracy, reasonable

doubt, intent and foreseeability. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law. Reversal is required only if the instructions, viewed as a whole, caused the defendant prejudice." *United States v. Naiman,* 211 F.3d 40, 51 (2d Cir.2000) (internal citation and quotation marks omitted). While the jury instructions in this case were not perfect, "viewed as a whole," they were not misleading and, in any event, did not cause the defendants prejudice. Similarly, we see no prejudice arising from the Court's supplemental charge that the jury must reach a unanimous finding on the quantity of cocaine attributable to each defendant.

Fourth, Jose and Manuel Hernandez contend that the record does not support the application of U.S.S.G. § 2D1.1(c)(5) to calculate their sentence. We agree. There are no factual findings documented in the pre-sentence investigation reports or made at the sentencing hearings that establish that their offenses involved 3.5 kg to 5 kg of cocaine. Accordingly we vacate their sentences and remand their cases for resentencing.

[6, 7] Fifth, Albino argues that his rights under the Fifth Amendment were violated when the prosecutor (1) elicited testimony that Albino (a) was unwilling to sign a statement while in police custody and (b) did not request the return of money seized by the police, (2) commented on defense counsel's decision not to cross-examine a prosecution witness, and (3) referred to certain evidence in support of the government's case as being "uncontradicted." Albino also asserts that a prosecution witness improperly vouched for the truthfulness of another witness. None of these arguments have merit. Turning first to the police officer's testimony that Albino did not sign a statement, we observe that the officer testified that Albino also waived his *Miranda* rights and stated his willingness to speak. His testimony, then, was not an unfair comment on Albino's decision to remain silent because Albino never invoked that right. It simply conveyed the fact that Albino made an oral, as opposed to a written, statement to the police. Similarly, Albino's decision, upon his release from police custody, not to request the return of the money that had been seized from his car took place after his *Miranda* waiver and, in any event, after the termination of the custodial interview. Its introduction at trial was therefore entirely proper. With respect to the prosecutor's comments on defense counsel's failure to conduct a cross-examination or contradict certain testimony, insofar as those comments "may have straddled the fine line between arguing that the government's case has been largely uncontradicted and impermissibly suggesting that the defendant has an obligation to testify or that he has any burden of proof," *United States v. Mapp,* 170 F.3d 328, 337–38 (2d Cir.1999), Albino has not shown that he suffered "substantial prejudice" thereby, *id.* at 337. Finally, the re-direct testimony of an FBI agent, in response to a question from the Court, that he found the credibility of a cooperator to be "very good" was not offered to vouch for the cooperator's truthfulness, but to explain why the agent continued to rely on that cooperator despite all the shortcomings pointed out by defense counsel on cross-examination. Any error introduced by this statement was harmless beyond all doubt.

Finally, Albino urges the Court to vacate his sentence because the District Court "gave no reasons whatsoever for [its] decision." We agree. The transcript of the sentencing hearing is devoid of explanation or reasoning for Albino's sentence and provides no basis for us to

conclude that the District Court "ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 127 S.Ct. at 2468, with respect to the sentence. We therefore vacate Albino's sentence and remand his case for resentencing in accordance with 18 U.S.C. § 3553.

Accordingly, we (1) **VACATE** the sentences of Anthony Berrios, Fred Albino, Jose Hernandez and Manuel Hernandez, and **REMAND** those cases for resentencing only; and (2) **VACATE** the conviction of Carlos Rodriguez, and remand his case for trial.