09-3289-cr
U.S. v. Hernandez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,
DENNY CHIN,
            *Circuit Judges,*
STEFAN R. UNDERHILL,
            *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

            *Appellee,*

            -v.-                                                         Nos. 09-3289-cr

MANUEL HERNANDEZ, also known as Manny,

            *Defendant-Appellant,*

FRANK ALVAREZ, also known as Amado, ALVIN OZORIA,
also known as Doctor, EDGAR RODRIGUEZ, JIMMY RIVERA,
also known as Jingo, EMILIO RODRIGUEZ, also known as
June, ANTHONY BERRIOS, also known as Tony, JOSE

---

[*] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

HERNANDEZ, also known as Poochie, OSCAR VARGAS, JOE
COFFMAN, REGINALD MARVIN, also known as Reggie, JIM G.
RIVERA JR., CARLOS RODRIGUEZ, also known as Pauly,
MARTIN SANTIAGO, also known as Marty, PABLO VEGA,

       *Defendants,*

FRED ALBINO, also known as Freddy,

       *Defendant.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | JONATHAN I. EDELSTEIN (Robert Grossman, *on the brief*), New York, NY. |
| **FOR APPELLEE:** | ANTHONY M. BRUCE, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney, and Monica J. Richards, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the Western District of New York, Buffalo, NY. |

Appeal from a July 20, 2009, amended judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-Appellant Manuel Hernandez appeals from an amended judgment of conviction for conspiracy to possess with intent to distribute 500 grams to 5 kilograms of cocaine in violation of 21 U.S.C. § 846 and use of a communications facility to commit a controlled substance offense in violation of 21 U.S.C. § 843(b). We assume the parties' familiarity with the underlying facts and procedural history.

Hernandez challenges his conviction on two grounds. First, Hernandez alleges the District Court erred in denying his motion, pursuant to Fed. R. Crim. P. 33, to vacate his conviction and order a new trial following the discovery of information—allegedly suppressed in violation of

---

[**] The Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

[1] Defendant-Appellant Fred Albino's appeal was dismissed with prejudice on June 11, 2010, pursuant to a March 22, 2010, order, for failing to file a timely brief and appendix with this Court.

*Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972)—related to the mental health and drug abuse of a key government witness, Alvin Ozoria. We review challenges to a district court's denial of a Rule 33 motion "for an abuse of discretion." *United States v. Gallego*, 191 F.3d 156, 161 (2d Cir. 1999); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and internal quotation marks omitted)).

It is well-established that the government's obligation to disclose "material" evidence under *Brady* and *Giglio* extends only to circumstances in which "'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Coppa*, 267 F.3d 132, 141 (2d Cir. 2001) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Indeed, we have explicitly rejected the government's obligation to disclose exculpatory or impeachment evidence that is *not* material. *Coppa,* 267 F.3d at 135 ("*Brady* [and *Giglio* do] not . . . require the prosecution to disclose *all* exculpatory and impeachment material; it need disclose only material 'that, if suppressed, would deprive the defendant of a fair trial.'" (quoting *Bagley*, 473 U.S. at 675)).

In this case, we have already determined in a prior appeal that "in light of the wealth of impeachment evidence available with respect to Ozoria," evidence that Ozoria suffered from paranoid schizophrenia was not reasonably likely to have changed the result of the prosecution's case against Hernandez. *United States v. Berrios*, 279 F. App'x. 82, 85 (2d Cir. 2008). Ozoria admitted at trial that during the years when the events about which he was testifying occurred, he was, in his words, "delusional," and could not distinguish the voices and images in his head from reality. Moreover, the government's letter to Hernandez's counsel noted that Ozoria suffered from "one or more psychological problems." There is, therefore, no reason to expect that if the jury found Ozoria's testimony to be credible at trial—and in light of the independent evidence on which Hernandez might have been convicted we have no reason to assume that it did—the "new" evidence on which Hernandez now relies relating to Ozoria's additional mental illnesses and use of psychedelic drugs would not have led to a different result.

Our case law is clear that "[w]hen a witness's credibility has already been substantially called into question in the same respects by other evidence, additional impeachment evidence will generally be immaterial and will not provide the basis for a *Brady* claim." *Tankleff v. Senkowski*, 135 F.3d 235, 251 (2d Cir. 1998); *see also Shabazz v. Artuz*, 336 F.3d 154, 166 (2d Cir. 2003) ("Where the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence, the undisclosed evidence may be cumulative, and hence not material.")

3

(internal quotation marks omitted). Because Ozoria's credibility had been substantially called into question in the same respects by evidence other than that allegedly suppressed, we hold that the additional impeachment evidence is immaterial and that the District Court did not abuse its discretion when it denied Hernandez's Rule 33 motion.[2]

Second, Hernandez argues that the sentence imposed by the District Court is substantively unreasonable because the imposition of a Guideline sentence was greater than necessary to meet the purposes of 18 U.S.C. § 3553(a), as required by that statute. We disagree. We review the reasonableness of a district court's sentencing determinations under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). While not presumptively reasonable, *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008), "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Because the District Court explained at length its reasons for imposing a 97-month sentence that was not "manifestly unjust[,] ... shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009), we cannot say the District Court erred, much less abused its discretion.

## CONCLUSION

We have considered each of Hernandez's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because the allegedly suppressed evidence is not material, we need not decide whether the government had an obligation to search state penal and hospital records for potentially exculpatory material, and express no view on that question.

4