UNITED STATES of America,
Appellee,

v.

Angel TANG, Defendant–Appellant.

Docket No. 99–1726

United States Court of Appeals,
Second Circuit.

Argued April 11, 2000.

Decided May 08, 2000.

As Amended June 2, 2000.

Howard L. Jacobs, New York, N.Y., for defendant-appellant.

Meir Feder, Asst. U.S. Atty., New York, N.Y. (Mary Jo White, U.S. Atty., Baruch Weiss, Asst. U.S. Atty., New York, N.Y., on the brief), for appellee.

Before: NEWMAN, KEARSE, and KATZMANN, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal in a criminal case concerns the validity of a waiver of appeal and the availability of the so-called "safety valve" provision, 18 U.S.C. § 3553(f), which exempts certain narcotics offenders from mandatory minimum sentences. It also implicates the question of what, if any, advice concerning appellate rights is appropriate when such rights have been fully or partially waived. Angel Tang appeals from the judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, then-Chief Judge), rejecting use of the safety valve because the defendant, claiming concern for the safety of his fiancee and family, refused to provide the Government with information concerning his offense. The Government moves to dismiss the appeal, claiming that Tang waived his appellate rights. We conclude that Tang did not waive his right to appeal the denial of the safety-valve adjustment, but that this adjustment was properly denied. We therefore deny the motion to dismiss the appeal and affirm the District Court's judgment.

Background

*Offense conduct.* Tang acted as a representative of a Hong Kong-based narcotics organization operating in the Chinatown section of New York City. In late May and early June 1998, Tang conspired to acquire about 700 grams of heroin on behalf of the organization.

*Plea Agreement.* At a March 31, 1999, meeting, Tang and his counsel met with an Assistant United States Attorney to discuss a plea agreement. Facing a mandatory minimum sentence of five years, Tang sought the benefit of the safety-valve provision of section 3553(f), which exempts from mandatory minimum sentencing provisions defendants who meet specified criteria. One criterion is that the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). To elicit such information, the Government sought a "safety valve proffer." Tang described some of his own conduct, but refused to provide information about members of the conspiracy in Hong Kong.

On April 5, 1999, Tang, his lawyer, and the prosecutor executed a written plea agreement, contemplating a guilty plea to one count of a two-count indictment. In

paragraph 7 of the agreement, Tang agreed that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Guidelines Range."

The following provisions bear on the meaning of "the Stipulated Guidelines Range." Paragraph 1 specified that Tang's base offense level under the Sentencing Guidelines was 28, paragraph 2 contemplated a three-level reduction for acceptance of responsibility, and paragraph 3 specified the adjusted offense level as 25. The critical provision, paragraph 6, then provided:

> Based upon the calculations set forth above, the defendant's Sentencing Guidelines range is 57 to 71 months. The charge [to which Tang pled guilty] carries a statutory minimum term of 60 months. Accordingly, *absent relief from the statutory minimum sentence,* the Guidelines range is 60 to 71 months (the "Stipulated Guidelines Range") pursuant to U.S.S.G. § 5G1.1(b).

Plea Agreement ¶ 6 (emphasis added).

Paragraph 7 provided that "if the defendant does meet the criteria set forth in [18 U.S.C. § 3553(f)], the parties agree that the defendant's adjusted sentencing range would be 46 to 57 months." *Id.* ¶ 7. This range was based on an offense level of 23—the adjusted offense level of 25 reduced by two more levels for a defendant eligible for the safety valve provision. *See* U.S.S.G. § 2D1.1(b)(6).

*Plea allocution.* On the same day the plea agreement was signed, Tang pled guilty to one count of conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Judge Griesa meticulously complied with all of the requirements of Rule 11(c) of the Federal Rules of Criminal Procedure as it existed on the date of the plea, April 5, 1999. However, he did not "ascertain the defendant's understanding of the provision of the plea agreement waiving the right to appeal. That inquiry was then required by our case law, *see United States v. Chen,*

127 F.3d 286, 289–90 (2d Cir.1997); *United States v. Ready,* 82 F.3d 551, 556–57 (2d Cir.1996), and is now explicitly required by Rule 11(c)(6), which became effective December 1, 1999. *See* Fed.R.Crim.P. 11 advisory committee's note (1999 amendment). The only reference to the purported waiver of appeal was the prosecutor's statement: "I also put on the record that the plea agreement contains an agreement not to appeal any sentence that is within or below the stipulated guidelines range."

*Sentencing.* · The pre-sentence report stated that Tang "appear[ed] to meet" the requirements of the safety valve. The Government objected to this statement. Judge Griesa permitted the parties to make written submissions on the issue.

On November 22, 1999, a sentencing hearing was held. Tang's counsel stated that Tang continued to maintain that he would not answer questions about other people in Hong Kong because he feared for the safety of his fiancee and family in Hong Kong. Judge Griesa rejected use of the safety valve, stating:

> I find that in view of the fact that the defendant has not fully disclosed all the information known to him about the crime, the safety valve provisions cannot be applied, and, consequently, the minimum of five years in prison must be given effect.

The Court imposed a sentence of five years of imprisonment followed by four years of supervised release. Prior to imposing sentence, the Court had stated, with respect to an appeal:

> Well, my view of it is that under the law the safety valve provision really cannot be applied. It is possible that if I either—whatever way I went, there would be an appealable question. I think if I did apply the safety valve, one must count on the government appealing. If I don't apply the safety valve, whether the defendant appeals, I don't know. The difference is not as huge where you have a five-year minimum as it would be as if you had a ten-year minimum, but it is still a difference.

After imposing sentence, the Court did not inform the defendant as to any right of appeal.

## Discussion

### I. Waiver of Appeal

■ *Scope of the alleged waiver.* The Government has moved to dismiss the appeal, contending that under the plea agreement, Tang waived his right to appeal the 60–month sentence because it was within the "Stipulated Guidelines Range." The Government asserts that the plea agreement "expressly defined the 60 to 71 month range as the 'Stipulated Guidelines Range.'" Brief for Appellee at 4. That quotation omits an important qualifying phrase. The definitional sentence of the plea agreement states: "Accordingly, *absent relief from the statutory minimum sentence*, the Guidelines range is 60 to 71 months (the 'Stipulated Guidelines Range') pursuant to U.S.S.G. § 5G1.1(b)." Plea Agreement ¶ 6 (emphasis added). We think the most natural reading of this sentence is that the Stipulated Guidelines Range is 60 to 71 months only if the safety valve does not apply to afford relief from the statutory minimum sentence, and that the Stipulated Guidelines Range is something else, presumably less, if the safety valve affords such relief. This common sense reading is reinforced by the very next paragraph, which computes a sentencing range of 46 to 57 months if the safety valve applies. The Government's attempt to redefine the Stipulated Guidelines Range without the qualifying reference to the safety valve is totally lacking in merit.

Even if the straightforward meaning of the alleged waiver were not so apparent, we would not indulge the Government in its strained waiver argument. We have previously noted, specifically in the context of claimed waivers of appellate rights, that

plea agreements are to be applied "narrowly," *United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996), and construed "strictly against the Government," *id.* at 559. *See United States v. Yemitan,* 70 F.3d 746, 750 (2d Cir.1995) (Newman, then-C.J., dissenting) ("[A]ll those negotiating appeal waiver provisions in plea agreements should be careful to use language that carries out their precise intentions.").

■ *Awareness of the alleged waiver.* The alleged waiver would likely be unenforceable in any event because of the District Court's failure to ascertain that the waiver was fully understood and voluntary. *See Chen,* 127 F.3d at 289–90; *Ready,* 82 F.3d at 556–57 ("We agree that a waiver of the right to appeal should only be enforced by an appellate court if the record 'clearly demonstrates' that the waiver was both knowing … and voluntary.") (quoting *United States v. Schmidt,* 47 F.3d 188, 190 (7th Cir.1995)). This requirement is now expressly imposed by Fed.R.Crim.P. 11(c)(6).

The alleged appeal waiver was not explicitly called to the defendant's attention at the plea allocution, nor was there inquiry as to his understanding of it. Such inquiry, which the Government should routinely suggest be made, would have highlighted the strained interpretation the Government now urges and likely avoided the entire issue of a claimed waiver.

*Court advice concerning appellate rights in the context of a waiver.* In an attempt to avoid recurring problems arising in connection with waivers of appellate rights, we add a few words concerning a district judge's obligation to inform the defendant of appellate rights after imposing sentence. In the pending case, the District Judge, after imposing sentence in a case where a right of appeal existed, did not advise the defendant of a right to appeal.[1] In other

---

1. Prior to imposing sentence, the District Judge had expressed the view that, if he found the safety valve applicable, the Government would surely appeal and that, if the safety valve was not applicable, an appeal by the

defendant might turn on whether the defendant regarded as significant the difference between the sentence imposed and a likely safety valve sentence.

cases, some judges, imposing sentence after appellate rights have been fully and knowingly waived, have nonetheless routinely advised the defendant that a right to appeal exists. *See, e.g., United States v. Ogden,* 102 F.3d 887, 888 (7th Cir.1996).

Rule 32(c)(5) provides:

After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of *the* right to appeal. After imposing sentence in any case, the court must advise the defendant of *any* right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court must immediately prepare and file a notice of appeal on behalf of the defendant.

Fed.R.Crim.P. 32(c)(5) (emphasis added). Congress seems to have understood that advice as to a right to appeal a sentence need be given only when such a right exists.[2] A right might not exist either because it was never created in the first place, or because it was created and then waived.

The relationship between the advice specified by Rule 32(c)(5) (formerly Rule 32(a)(2)) and a waiver of appellate rights has elicited varying responses from the Courts of Appeals. In some cases, the District Judge's advice of appellate rights is held to control, overriding the waiver of such rights in a plea agreement, *see, e.g., United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995) ("Litigants need to be able to trust the oral pronouncements of district court judges."), or at least favoring an interpretation of the waiver that

renders it ineffective, *see, e.g., United States v. Goodman,* 165 F.3d 169, 174 (2d Cir.1999) ("[The District Judge] suggested, contrary to the language of the agreement, that [the defendant] would retain the right to appeal her sentence....."). In other cases, however, the District Judge's advice of appellate rights is considered ineffective to override a waiver in a plea agreement. *See, e.g., United States v. Atterberry,* 144 F.3d 1299, 1300–01 (10th Cir.1998) (advice said to be given by District Judge "no doubt while running through a routine checklist"); *Ogden,* 102 F.3d at 889 (advice given by District Judge characterized as "pure boilerplate"); *United States v. Melancon,* 972 F.2d 566, 568 (5th Cir.1992); *cf. United States v. Michelsen,* 141 F.3d 867, 872 (8th Cir.1998) (advice did not override waiver but not inaccurate because waiver permitted limited appeal).

If the District Judge gives no advice concerning appellate rights after a waiver has been executed, the plea agreement's waiver provision has sometimes been regarded as compliance with Rule 32(c)(5), *see, e.g., United States v. DeSantiago–Martinez,* 980 F.2d 582, 583 (9th Cir.1992), and sometimes been considered a valid reason for not complying with the advice requirement, *see, e.g., Biro v. United States,* 24 F.3d 1140, 1142 (9th Cir.1994).

The tension between Rule 32(c)(5) and a waiver of appellate rights is sometimes aggravated by the fact that disputes arise as to whether the waiver is enforceable, *see Goodman,* 165 F.3d at 174–75; *United States v. Martinez–Rios,* 143 F.3d 662, 668 (2d Cir.1998), and as to the scope of the waiver, *see Yemitan,* 70 F.3d at 747–48;

---

**2.** The Senate Judiciary Committee's Report on the provision that became subsection (c)(5) of Rule 32 states:

Subdivision (a)(2) of the rule, as now in effect, imposes a duty upon the court to advise the defendant of his right to appeal in a case which has gone to trial on a plea of not guilty, but does not impose any such duty following a plea of guilty or nolo contendere. This basic approach is continued in subdivision (a)(2) of the amended rule

with an addition made by section 205(a)(2) of the bill to cover the matter of advice regarding the defendant's right, *if any,* to obtain review of his sentence.

S. Rep. No. 98–225, at 156 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3339 (emphasis added). There is no indication that Congress was contemplating a waiver of appellate rights; more likely, the "if any" phrase was added to reflect that there are only limited circumstances under which a sentence, following a guilty plea, is appealable at all.

*id.* at 749–51 (Newman, then-C.J., dissenting); *United States v. Jacobson,* 15 F.3d 19, 22–23 (2d Cir.1994). Disputes also arise, as in the pending case, as to whether the waiver was sufficiently explained at the Rule 11 proceeding to render it enforceable. *See Chen,* 127 F.3d at 289–90; *Ready,* 82 F.3d at 557.

Some district judges might think they are helpfully erring on the side of caution if they advise of appellate rights in every case, leaving for appeal the issues of the validity and scope of the waiver in a particular case. However, if district judges always give unqualified advice that the defendant may appeal, even when a waiver of appellate rights is fully effective, they will precipitate some needless appeals.

▆▆▆ Without definitively adjudicating such matters, we offer the following preliminary thoughts. Where a waiver of appeal is of the type we have ruled generally enforceable, *see Chen,* 127 F.3d at 289 (waiver of appeal if sentence within or below a specified sentencing guideline range); *United States v. Maher,* 108 F.3d 1513, 1531 (2d Cir.1997) (same), and has been fully explained to a defendant as required by Rule 11(c)(6), district judges sentencing after a plea of guilty should not give unqualified advice concerning a right to appeal. In such cases, they might consider mentioning that appellate rights were waived in the plea agreement, as the District Judge did in *United States v. Aguilar–Muniz,* 156 F.3d 974, 977 (9th Cir.1998) (quoting District Judge's advice). If defense counsel disputes the scope or effectiveness of the waiver and contends that some sentencing issue survives the waiver, defense counsel should alert the district judge at the time of sentencing to such a claim, thereby affording the district judge an opportunity to clarify the record as to the scope of the waiver and the defendant's understanding of it. In the event of such a defense claim, the district judge should inform the defendant that if,

despite the waiver, he wishes to attempt to appeal some issue that is claimed to survive the waiver, he must file a notice of appeal within ten days. *See United States v. Schuman,* 127 F.3d 815, 818 (9th Cir. 1997) (Kozinki, J., concurring). In all cases of appellate rights waivers, the Government should alert the district judge at sentencing to the waiver provisions of the plea agreement. *See Michelsen,* 141 F.3d at 872 n. 4 ("[T]he government might well have clarified the issue by speaking up."); *Ogden,* 102 F.3d at 889 ("[T]he better practice would be for the government to call [the waiver provision] to the sentencing judge's attention....").

## II. Availability of the Safety Valve

The relevant provision of the "safety valve" statute is as follows:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).[3] The Sentencing Guidelines incorporate the same criterion. *See* U.S.S.G. § 5C1.2(5).

▆▆▆ Tang argues that he should be excused for refusing to give information about a particular co-conspirator in Hong Kong, based on his fear for the safety of his fiancee and family members in Hong Kong. The availability of such an exception is a question of law subject to *de novo* review, rather than a matter of sentencing discretion.

---

**3.** The Government did not dispute that Tang met the other four requirements of the safety valve statute.

A defendant bears the burden of proving that he has met all five safety valve criteria. *See United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir.1997). We have affirmed a denial of the safety valve to a defendant who claimed to be unable to recall the name of his heroin source. *See United States v. Gambino*, 106 F.3d 1105, 1111–12 (2d Cir.1997). The statute makes no exception for failure to furnish information because of feared consequences, yet it seems unlikely that Congress was unaware that those with knowledge of narcotics traffic would in some instances have legitimate apprehension about disclosing what they know. In other contexts, courts have refused to recognize fear of the consequences of disclosure as a lawful ground for withholding information that is required to be disclosed, *see Piemonte v. United States*, 367 U.S. 556, 559 n. 2, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961); *United States v. Winter*, 70 F.3d 655, 665–66 (1st Cir.1995) (testimony required under grant of immunity), and no case has recognized such fear as a permissible basis for withholding information that renders a person eligible for a cooperation departure under U.S.S.G. § 5K1.1. The Sentencing Commission evidently contemplates that risk of injury to a defendant or his family will not excuse withholding information, because such a risk is explicitly identified as a factor to be considered in determining the extent of a cooperation departure. *See id.* § 5K1.1(a)(4). We see no basis for creating a fear-of-consequences exception to the safety valve provision.

## Conclusion

The motion to dismiss the appeal is denied. The judgment of the District Court is affirmed.