**UNITED STATES of America,**
**Appellee,**

v.

**Luis MORANT–CORDERO, aka Luis**
**Moran Cordero, Defendant–**
**Appellant.**

**No. 05–2682.**

United States Court of Appeals,
Second Circuit.

Jan. 26, 2006.

Curtis J. Farber, New York, New York, for Appellant.

Lisa A. Baroni, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Peter G. Neiman, Assistant United States Attorney, on the brief), New York, New York, for Appellees.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE and Honorable REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of conviction, filed on May 23, 2005, is hereby AFFIRMED.

Defendant–Appellant Luis Morant–Cordero appeals his receipt of a 120–month term of incarceration, the minimum mandated by 21 U.S.C. § 841(b)(1)(A), on his guilty plea to conspiring to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a). Specifically, Morant–Cordero faults the district court for failing to award him relief from this mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f), commonly referred to as the "safety valve" provision. We assume the parties' familiarity with the facts and the record of prior proceedings,

which we reference only as necessary to explain our decision.

Section 3553(f) specifies five criteria that a defendant must satisfy to qualify for safety-valve relief. Morant–Cordero submits that the district court erred in finding that he failed to satisfy the last of these requirements, that is, that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses [of conviction] that were part of the same course of conduct or of a common scheme or plan...." 18 U.S.C. § 3553(f)(5). We disagree.

In the district court, the burden is on the defendant to demonstrate that he meets the five safety-valve criteria set forth in § 3553(f). *See United States v. Tang,* 214 F.3d 365, 371 (2d Cir.2000); *United States v. Ortiz,* 136 F.3d 882, 883 (2d Cir.1997). While we review the district court's legal interpretation of the safety valve criteria *de novo,* we review its factual findings as to a defendant's eligibility for safety valve relief only for clear error. *United States v. Ortiz,* 136 F.3d at 883. In this case, the record demonstrates no such errors.

In a pre-sentence proffer session with the government, Morant–Cordero minimized his role in the charged crime as well as his involvement in related drug trafficking. He advised the government that, prior to September 18, 2002, his involvement in drug trafficking had been limited to delivering marijuana for a supplier known to him as "El Negro." Morant–Cordero insisted that he had never before dealt crack cocaine and had never before dealt drugs of any kind with co-defendant Domingo Gaton. To the contrary was a tape recorded conversation between Gaton and a confidential informant indicating Morant–Cordero's long-established role as Ga-ton's drug supplier, as well as telephone records indicating that more than seventy calls between the two men had been placed in the three month period from July 1, 2002 through October 2, 2002. Based on this evidence alone, the district court did not clearly err in finding Morant–Cordero ineligible for safety valve consideration because he had not truthfully disclosed the circumstances leading to his participation in the crime of conviction or his involvement in related drug dealing with Gaton. Indeed, the other evidence cited by the government only buttresses this conclusion.

The district court's May 23, 2005 judgment of conviction is hereby AFFIRMED.