**UNITED STATES of America,**
**Appellee,**

v.

**Marlo MCGEE, Defendant–Appellant.**

No. 05–5065–cr.

United States Court of Appeals,
Second Circuit.

March 30, 2007.

Robert J. Boyle, New York, NY, for Appellant.

Gregory L. Brown, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, and Hon. COLLEEN MCMAHON,* District Judge.

### SUMMARY ORDER

Marlo McGee appeals from a judgment of conviction entered on her guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a).[1] The district court sentenced McGee to 57 months' imprisonment, representing the high end of her 46–57 month Sentencing Guidelines range.[2] McGee, who is represented by new counsel on appeal, argues that this sentence must be vacated and remanded because she was denied effective assistance of counsel at sentencing. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

At her sentencing hearing, McGee requested that additional details regarding her mental health appointments, diagnoses, and medications be included in her Pre–Sentence Report ("PSR"), which had

---

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

1. On the same date, the district court entered a judgment adjudicating McGee in violation of her supervised release, which judgment is not at issue on this appeal.

2. Although McGee pleaded guilty pursuant to a plea agreement that contained a waiver of appeal rights for any sentence falling within the guidelines range, the district court did not bring this waiver to McGee's attention before accepting her guilty plea. Accordingly, the government does not rely on the waiver provision as a basis for seeking dismissal of this appeal, see Appellee's Br. at 3 n. 2; *United States v. Tang*, 214 F.3d 365 (2d Cir.2000), and we consider the merits of McGee's challenge.

already been supplemented once in this respect at her counsel's request. McGee also requested that her counsel be replaced on the grounds that counsel had "basically lied" by submitting an affidavit stating McGee had no factual disputes with the PSR when, in fact, McGee was not yet satisfied with the report. Sentencing Tr. at 11. After a colloquy with McGee, the district court denied her requests, heard argument from counsel, and imposed a sentence. McGee now claims that, in light of McGee's allegations of wrongdoing, her counsel was operating under an actual conflict of interest at sentencing, which conflict deprived McGee of her right to counsel under the Sixth Amendment. *See Armienti v. United States,* 234 F.3d 820, 823 (2d Cir.2000) (noting that, as a general matter, defendant's "right to counsel includes a right to conflict-free representation").

Even if such a dispute could constitute an actual conflict of interest, a question we need not decide here, McGee would only be entitled to relief if "the actual conflict of interest adversely affected [her] lawyer's performance." *Lopez v. Scully,* 58 F.3d 38, 41 (2d Cir.1995). To satisfy this requirement, McGee must "demonstrate that some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Id.* (internal quotation marks omitted); *see id.* at 42 ("The term 'plausible alternative defense strategy' does not embrace all possible courses of action open to a defense attorney; it refers to those which a zealous advocate would reasonably pursue under the circumstances."). She has made no such showing.

McGee faults her prior counsel for failing to object to the PSR on two grounds: (1) its failure to explain *mitigating* reasons for McGee missing certain mental health

appointments, and (2) its omission of McGee's mental diagnosis and medication record. In fact, the record shows that mitigating facts relevant to both subjects were included in the amended report. *See* PSR ¶¶ 51, 53. The only possible omission was the particular diagnosis made or drugs prescribed while McGee was a patient in Horizon Health Services. But McGee does not claim, much less demonstrate, that this diagnosis or medication differed in a significant way from that already referenced in ¶ 51 of the amended PSR. Absent such a showing, she can hardly point to such an omission as evidence that counsel's performance was adversely affected by the purported conflict or that counsel failed to advance a "plausible alternative defense strategy." *Lopez v. Scully,* 58 F.3d at 42. In fact, the record fails to show that counsel omitted *any* argument or strategy favorable to McGee. To the contrary, in her sentencing remarks, counsel specifically referenced the mitigating circumstances prompting McGee's failure to complete mental health counseling and the way that led to her commission of the charged robbery. Counsel also attempted to mitigate her client's serious criminal conduct by casting it in the sympathetic light of a complex psyche, referencing McGee's mental health problems without specifically parroting her diagnoses.

■ In sum, McGee has not shown that the accusations she leveled against her counsel at sentencing led counsel to forego any sentencing argument favorable to McGee or otherwise adversely affected her performance. Accordingly, we reject McGee's Sixth Amendment challenge as without merit. We also reject McGee's contention that the district court abused its discretion in failing to replace defense counsel after McGee voiced her concerns at sentencing. *See United States v. John Doe # 1,* 272 F.3d 116, 122 (2d Cir.2001) (stating that conflict requires substitution of counsel only when it is "so great that it

result[s] in a total lack of communication preventing an adequate defense" (internal quotation marks omitted)).

The judgment of the United States District Court for the Western District of New York, dated September 8, 2005, and entered on September 12, 2005, is hereby affirmed.