**UNITED STATES of America,**
**Appellee,**

v.

**Joseph Lee MITCHELL, Defendant,**

**Robert C. McFadden, Defendant–**
**Appellant.**

**No. 07–3614–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 17, 2008.

Joseph J. Karaszewski, Assistant United States Attorney (Richard P. Maigret, Assistant United States Attorney, Caitlin

Connelly, student law clerk, on the brief), for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, Conn., for Defendant–Appellant.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Robert C. McFadden appeals from his conviction and sentence imposed by the United States District Court for the Western District of New York (Elfvin, *J.*) following his guilty plea to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

McFadden argues on appeal that the District Court failed to comply with Fed. R.Crim.P. 11 with the result that McFadden's guilty plea was not knowingly and voluntarily entered, and that the waiver of sentencing appeal contained in his plea agreement should not bar his sentencing challenge.

McFadden did not object to any of the District Court's supposed errors below, and so our review of McFadden's Rule 11 challenge is for plain error. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). While McFadden asserts numerous errors, some of these alleged errors were not errors at all, and others did not affect McFadden's substan-

tial rights and so do not rise to the level of plain error.

■ The sole exception is the District Court's failure "specifically [to] flag" the waiver of sentencing appeal contained in his plea agreement. *See United States v. Ready,* 82 F.3d 551, 557 (2d Cir.1996). Based on our review of the record, we conclude that McFadden is not bound by the appeal waiver contained in his plea agreement because the District Court did not "ascertain that the waiver was fully understood and voluntary." *United States v. Tang,* 214 F.3d 365, 368 (2d Cir.2000); *see also* Fed. R. Crim P. 11(b)(1)(N). Not only did the District Court fail specifically to flag the sentencing appeal waiver, but the court also implied that McFadden retained at least a limited right to appeal his sentence—an assertion that neither McFadden's attorney nor the Government corrected at the plea colloquy.

■ Accordingly, we reject the Government's argument that McFadden has waived his right to appeal his sentence. And, we review that sentence for reasonableness. *United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006). McFadden was sentenced prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Hence, not surprisingly, the District Court did not appreciate its discretion to depart from the Sentencing Guidelines. We therefore find McFadden's sentence procedurally unreasonable, and remand McFadden's case for resentencing. *United States v. Regalado,* 518 F.3d 143, 149 (2d Cir.2008) (per curiam); *United States v. Crosby,* 397 F.3d 103, 118 (2d Cir.2005).

We have reviewed all of Appellant's claims and find only the sentencing challenge meritorious. Although McFadden

requests a full resentencing since the original sentencing judge is no longer on the bench, we find that only a remand pursuant to *Crosby* and *Regalado* is necessary for the reasons stated in *United States v. Garcia*, 413 F.3d 201, 230 (2d Cir.2005). Accordingly, we AFFIRM McFadden's conviction, VACATE his sentence, and REMAND for further sentencing proceedings in conformity with *Crosby*, 397 F.3d 103, *Regalado*, 518 F.3d 143, and *Garcia*, 413 F.3d 201.