SUMMARY ORDER
Defendant appeals from a judgment of conviction entered on June 5, 2007 in the United States District Court, following a guilty plea. Specifically, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. The District Court sentenced defendant principally to a term of 60 months imprisonment. We assume the parties’ familiarity with the factual and procedural history of the case.
Defendant’s arguments on appeal concern his eligibility for so-called “safety-valve” relief, pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. In particular, defendant argues (1) that the District Court erred by not ruling on his safety-valve application, and (2) that the government’s “safety-vale policy” is inequitable, because it “requir[es] a defendant to provide truthful information about his crimes at a proffer session, and then us[es] this information against him at sentencing] to argue he is ineligible for the relief because he has admitted to other, uncharged narcotics sales.” Appellant’s Br. at 2. We consider each argument in turn.
First, it is plain from our review of the record that defendant never actually made a safety-valve application before the District Court. Defense counsel only stated that defendant felt “very strongly that he should qualify” for safety valve relief. Appellant’s App. at 14. However, he did not request a hearing on the matter, id. at 15,[1] and did not object when the District Court concluded that none was needed, id. at 20. It appears that defense counsel did not pursue a safety-valve application because it was the government’s position that “even assuming the government believed everything that the defendant said when he came in for his proffers, the net effect on his sentencing guidelines range would not help him ... he would be even worse off’ on account of the fact that defendant admitted to additional narcotics transactions. Id. at 17. The District Court specifically asked defense counsel if this was correct, and defense counsel acknowledged that “[t]he net [effect of applying the safety-valve] was adverse to Mr. Guerrero.” Id. at 18. The District Court then stated that it “agree[d] with [defense counsel] that, at the very least, for the practical reason he stated and that [the government] stated, a hearing is not necessary here.” Id. at 20. In short, defendant never actually made a safety-valve application; defense counsel stated only that defendant thought he should qualify for such relief but counsel ultimately did not pursue the issue because it became clear that the net effect would be negative for his client. Accordingly, defendant has waived the issue and cannot now claim that the District Court erred in not ruling on an application he never made before the District Court. See United States v. Yu-Leung, 51 F.3d 1116, 1122 (2d Cir.1995) (“If ... [a] party consciously refrains from objecting as a tactical matter, then that action constitutes a true ‘waiver,’ *74 which will negate even plain error review.”)-
Second, we consider defendant’s argument that the government’s safety-valve policy is inequitable. Specifically, defendant argues that he was in a “no-win situation” because he faced a “constitutionally impermissible Hobson’s choice: be [sic] could be dishonest with the government, and lose out on safety-valve relief, or he could be honest and suffer the same fate.” Appellant’s Br. at 16. At the outset, we note that defendant was fully aware of, and agreed to, the government’s safety-valve policy before sentencing. The plea agreement that he signed specifically set out that:
in the event that the defendant seeks to qualify for [safety valve] relief ... the Government may offer into evidence, in connection with sentencing, statements made by the defendant at meetings with the Government and all evidence obtained directly or directly therefrom for purposes of calculating the offense level and Sentencing Guidelines Range.
Appellee’s App. at 11.
With respect to the merits of defendant’s argument, it is plain that defendant misconstrues the nature of safety-valve relief. It is not the case that every defendant is entitled to such relief; rather, a defendant must meet five specific requirements, see 18 U.S.C. § 3553(f), and “bears the burden of proving that he has met all five safety valve criteria,” United States v. Tang, 214 F.3d 365, 371 (2d Cir.2000). One of the five requirements is that defendant must “truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.” § 3553(f)(5) (emphasis added). There is nothing “inequitable” about this requirement. Cf. United States v. Cruz, 156 F.3d 366, 375 (2d Cir.1998) (rejecting a Fifth-Amendment challenge to the safety valve’s requirement that a defendant admit to relevant conduct in order to gain a sentence reduction). Once a defendant has provided information concerning the “offense or offenses” that were part of the same conduct, the government may take that information into account for the purpose of calculating the defendant’s offense level and ultimately his sentencing guidelines range, which may have the effect of nullifying the safety-valve benefit. Yet there surely can be nothing inequitable about this policy either — it simply ensures that a defendant’s sentence takes into account the extent of the crimes he committed. In sum, we conclude that there is nothing inequitable about the government’s safety-valve policy — a conclusion that is not altered because defendant is not in a position to receive safety-valve relief. Cf. Cruz, 156 F.3d at 375 (“[T]he safety valve provision' furthers a legitimate government goal and does not impose an unconstitutional condition on defendants seeking to take advantage of it.”).

CONCLUSION

We reject all of defendant’s claims on appeal. Accordingly, the judgment of the District Court is AFFIRMED.

. Specifically, the District Court said to defense counsel, "you are not asking me for a hearing, right?” Appellant's App. at 14. Defense counsel responded, "[i]f your Honor felt a hearing was necessary, of course, we would accommodate that. I don’t anticipate that that would happen, however.” Id. at 15.