SUMMARY ORDER

Defendant-Appellant Andres Garcia appeals from a judgment of conviction entered on August 5, 2008 in the United States District Court for the Southern District of New York. Garcia pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846. He was sentenced to a term of 63 months’ imprisonment. On appeal, Garcia contends that the district judge clearly erred in concluding that Garcia was ineligible for safety valve relief. We assume the *52 parties’ familiarity with the facts, the procedural history, and the issues on appeal.
The government argues initially that Garcia’s appeal should be dismissed on the ground that in his plea agreement he waived his right to appeal the district court’s safety valve eligibility determination in the event his sentence is no greater than 63 months’ imprisonment. This argument appears to be foreclosed by our decision in United States v. Tang, 214 F.3d 365, 366-68 (2d Cir.2000), where we construed a substantially similar plea agreement as permitting an appeal of the safety valve determination by a defendant in Garcia’s position. The government’s brief does not cite to this proposition in Tang, which is odd since Tang is cited elsewhere for an unrelated and unremarkable proposition. Nevertheless, we agree with the government’s other argument that Garcia’s appeal fails on the merits.
Garcia could not in any way have prevailed on the merits. To qualify for safety valve relief, a defendant bears the burden of proving, inter alia, that “not later than the time of the sentencing hearing, [he] has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.” 18 U.S.C. § 3553(f)(5); U.S.S.G. § 501.2(a)(5); United States v. Tang, 214 F.3d 365, 371 (2d Cir.2000) (“A defendant bears the burden of proving that he has met all five safety valve criteria.”). If a defendant does not truthfully disclose all that he knows about his offense, the safety valve reduction is properly denied. See United States v. Conde, 178 F.3d 616, 620-21 (2d Cir.1999).
We review the district court’s factual findings for clear error. United States v. Rubenstein, 403 F.3d 93, 99 (2d Cir.2005).
At Garcia’s first proffer session, he named “Aladino” as the source of the funds loaned in the drug conspiracy. At the second proffer session, he claimed the money came from personal savings hidden in socks and elsewhere. Both assertions cannot be true. At sentencing, Garcia claimed that the money did not come from Aladino as stated during the first proffer session, and that he accurately reported the source of the money in the second. Judge Duffy quite reasonably rejected that assertion and found that Garcia lied in the second session because (inter alia): (i) the claim that the money came from Aladino was corroborated by other evidence in the case, including tape-recorded conversations between Garcia and a co-conspirator discussing potential drug deals with Aladi-no, and (ii) Garcia filed income tax returns reporting income of only $7,853 for 2003, $11,663 for 2004, and $13,375 for 2005, and yet suddenly “ends up with $15,000 in a sock.” Garcia did not sustain his burden and Judge Duffy did not clearly err.
We have reviewed Appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.