**UNITED STATES of America,
Appellee,**

v.

**Rubin PEREZ, also known as
Ruben Perez, Defendant,**

**Javier Sanchez, also known as Jacinto,
and Frank Tejeda, Defendants–
Appellants.**

**Nos. 08–1989–cr(L), 08–2797–cr(CON).**

United States Court of Appeals,
Second Circuit.

Nov. 5, 2009.

Donald Yannella, New York, NY, for Defendant–Appellant Javier Sanchez.

Rua M. Kelly, Assistant United States Attorney, (Jeffrey A. Brown and Katherine Polk Failla, Assistant United States Attorneys, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: WALKER, GUIDO CALABRESI, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant Javier Sanchez appeals from a judgment of conviction entered on May 23, 2008, in the district court, following his plea of guilty, without a plea agreement, to one count of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and one count of distributing and possessing with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A).[1] Sanchez was sentenced primarily to the statutory mandatory minimum term of 120 months' imprisonment on each count, to run concurrently. On appeal, Sanchez principally contends that the district judge clearly erred in concluding that Sanchez was ineligible for safety valve relief from the statutory mandatory minimum term of imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

To qualify for safety valve relief, a defendant bears the burden of proving, *inter alia,* that "not later than the time of the sentencing hearing, [he] has truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5); *United States v. Tang,* 214 F.3d 365, 371 (2d Cir.2000) ("A defendant bears the burden of proving that he has met all five safety valve criteria."). If a defendant does not truthfully disclose all that he knows about his offense, the safety valve reduction is properly denied. *See United States v. Conde,* 178 F.3d 616, 620–21 (2d Cir.1999).

We review the district court's factual findings for clear error. *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005).

In his sworn written statement and his testimony at the *Fatico* hearing, Sanchez claimed that he did not have a source or price for crack cocaine when he met with the government informant. The district court reasonably found these assertions to be untruthful because, *inter alia,* Sanchez: (1) told the government informant in a recorded telephone conversation that only crack was available; (2) offered to supply crack cocaine and discussed the price of the crack cocaine in a recorded conversation with the government informant; and (3) arranged to meet the government informant to provide him with crack cocaine and did meet with the government informant at the designated place and time. Given this evidence, the district court did not err in concluding that Sanchez did not truthfully disclose all that he knows about his offense and denying the safety valve reduction.

We have reviewed Sanchez's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

1. This Order disposes only of Defendant–Appellant Javier Sanchez's appeal. Defendant–Appellant Frank Tejeda appealed from a conviction on the same indictment, 08–1989– cr(L), which was consolidated with Sanchez's present appeal; Tejeda's case was remanded, on appellee's motion, to the district court for resentencing.