09-2553-cr
USA v. Cabrera

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges,*
> J. GARVAN MURTHA,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                No.  09-2553-cr

ARNALDO CABRERA,

> *Defendant-Appellant,*

JOSE VASQUEZ and MILKA SALGUERO,

> *Defendants.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable J. Garvan Murtha, Senior Judge, of the United States District Court for the District of Vermont, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

**FOR DEFENDANT-APPELLANT:**           JOSEPH BONDY, The Law Offices of Joseph A. Bondy, New York, NY.

**FOR APPELLEE:**           MARIA E. DOUVAS, Assistant United States Attorney (Preet Bharara, United States Attorney, Diane Gujarati, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Arnaldo Cabrera ("defendant" or "Cabrera") appeals from a judgment of conviction entered June 4, 2009. Defendant was convicted, after entering a plea of guilty, of (1) conspiring to distribute and possessing with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(A) (Count One); and (2) conspiring to import into the United States a controlled substance in violation of 21 U.S.C. §§ 952, 960(a)(1), and (b)(1)(B) (Count Two). On May 28, 2009 he was sentenced principally to 324 months' imprisonment.

On appeal, defendant argues as follows: (1) that his "waiver of speedy presentment" was invalid, thereby requiring dismissal of the indictment with prejudice, (2) that his post-arrest statements should have been suppressed on account of the defective "waiver of speedy presentment," and (3) that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the remaining factual and procedural history of the case.

We conclude that, by entering an unconditional guilty plea, Cabrera waived the first two challenges he raises on appeal. It is well settled that "[a] knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings." *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996); *accord United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003). To reserve an issue for appeal after a guilty plea, "a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *Coffin*, 76 F.3d at 497 (citing Fed. R. Crim. P. 11(a)(2)). Because Cabrera's challenges concerning the validity of his waiver of speedy presentment are not jurisdictional, he waived any right to raise them on appeal by entering an unconditional plea of guilty.

Defendant responds that he was never advised by the District Court during the plea colloquy that he was giving up his right to appeal, and therefore he did not knowingly and voluntarily waive his appellate rights. In support he draws our attention to cases in which we have held that a defendant's waiver of the right to appeal a *sentence* must be knowing and voluntary. *See United States v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996) ("[W]aivers of the right to appeal a sentence . . . are invalid unless they are voluntary and knowing."); *United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000) (noting that a waiver of the right to appeal from a sentence "would likely be unenforceable . . . because of the District Court's failure to ascertain that the waiver was fully understood and voluntary").

Defendant's argument is misplaced. Although we require district courts to ascertain whether a waiver of the right to appeal a *sentence*—a waiver that is *prospective* in nature—is fully understood by a criminal defendant, we have never required that defendants be informed that by pleading guilty they waive the right to appeal defects in the *prior* proceedings. *Cf. Ready*, 82 F.3d at 558 (explaining that waiver of "the very valuable right to correct a district court's *unknown and unannounced sentence*" "requires the special attention of the district court" (emphasis added)). The Federal Rules of Criminal Procedure recognize this distinction. Rule 11(b)(1)(N) requires a district court, before accepting a guilty plea, to inform the defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the *sentence*." Fed. R. Crim. P. 11(b)(1)(N) (emphasis added). There is, by contrast, no similar provision requiring that a defendant be informed of the right to appeal *prior* adverse decisions. Furthermore, Rule 11(a)(2) makes clear that, by entering a plea of guilty, a defendant automatically waives his right to appeal from prior adverse determinations unless *the defendant* takes affirmative steps to reserve appellate review. *See* Fed. R. Crim. P. 11(a)(2).

We conclude, therefore, that defendant waived his right to challenge on appeal the validity of his "waiver of speedy presentment" notwithstanding the fact that he was not explicitly informed of that consequence at the time he entered a plea of guilty. *See United States v. Broce*, 488 U.S. 563, 573 (1989) ("Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty.").

Although Cabrera has not waived his right to challenge his sentence on appeal, we conclude that his sentencing challenges are also without merit. Our review of the District Court's sentence is limited to examining it for reasonableness, which is akin to review under an "abuse of discretion" standard. *See United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc); *see also Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."). This standard applies "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted).

Cabrera asserts that the District Court erred procedurally in applying sentencing enhancements for his role as an "organizer or leader of a criminal activity that involved five or more participants," *see* U.S.S.G. § 3B1.1(a), and for his obstruction of justice, *see* U.S.S.G. § 3C1.1. He also contends that the District Court failed adequately to consider and balance the factors set forth in 18 U.S.C. § 3553(a).

We find no error in the District Court's application of the two sentencing enhancements. The § 3B1.1(a) enhancement is supported by evidence in the record demonstrating that Cabrera recruited and controlled a number of participants in the charged drug conspiracy. The § 3C1.1 enhancement is supported by the District Court's findings that Cabrera fled the jurisdiction after indictment and committed perjury at an evidentiary hearing on his motion to suppress.

We also find no error in the District Court's consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.").

Finally, to the extent it is asserted by defendant, we find no substantive error in the District Court's decision to impose a sentence of 324 months' imprisonment. *See Cavera*, 550 F.3d at 189 (noting that we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" (internal quotation marks omitted)); *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive unreasonableness is akin to the "manifest-injustice," and "shocks-the-conscience" standards employed in other contexts).

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4