09-3836-cr
United States v. Drummond

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand ten.

PRESENT:     PIERRE N. LEVAL,
             REENA RAGGI,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,

          v.                                    No. 09-3836-cr

DANIEL DRUMMOND,
                  *Defendant-Appellant*.
------------------------------------------------------------

FOR APPELLANT:     Raymond S. Sussman, Esq. (Jeannette Weiss, *on the brief*), Brooklyn, New York.

FOR APPELLEE:      ROBERT M. SPECTOR (Sandra S. Glover, *of counsel*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 1, 2009, is AFFIRMED.

Defendant Daniel Drummond, who pleaded guilty to one count of possession with intent to distribute 32,000 pills containing the drug "MDMA" ("ecstasy"), see 21 U.S.C. § 841(a)(1), (b)(1)(C), appeals from a judgment sentencing him principally to 108 months' incarceration, the low end of a 108-to-135 months Guidelines range. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Safety Valve Consideration

Drummond asserts procedural error in the district court's failure to apply a safety valve reduction to his Guidelines calculation pursuant to U.S.S.G. § 5C1.2. Drummond

2

waived this claim in the district court. See, e.g., United States v. Olano, 507 U.S. 725, 733 (1993) (describing waiver as "intentional relinquishment or abandonment of a known right" (internal quotation marks omitted)). The record reveals that although Drummond was aware of his opportunity to seek U.S.S.G. § 5C1.2 relief, he expressly disclaimed any intention to do so in a sentencing memorandum prepared by counsel, and then advanced no argument for such relief in the district court at sentencing. See United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." (internal quotation marks omitted)).

Even if we were to treat the safety valve claim as forfeited rather than waived, Drummond fails to demonstrate plain error, see United States v. Needham, 604 F.3d 673, 678 (2d Cir. 2010) (recognizing that plain error analysis requires (1) error, (2) that is plain, (3) that affects defendant's substantial rights, and (4) that seriously affects fairness, integrity, or public reputation of judicial proceedings), as his eligibility for U.S.S.G. § 5C1.2 consideration is hardly clear in light of his apparent possession of five loaded semi-automatic rifles in a location used to stash drugs, see U.S.S.G. § 5C1.2(a)(2) (precluding consideration if defendant possessed firearms in connection with offense); see also United States v. Tang, 214 F.3d 365, 371 (2d Cir. 2000) (noting defendant bears burden of establishing U.S.S.G. § 5C1.2 eligibility).

2.    Ineligibility for Probation

Drummond also contends that, due to an error in his presentence report, the district court procedurally erred in deeming him ineligible for a sentence of probation. Because Drummond forfeited this argument in the district court, we review for plain error, see United States v. Needham, 604 F.3d at 678, and identify none here because Drummond cannot show prejudice, see United States v. Thomas, 274 F.3d 655, 668 (2d Cir. 2001) (noting error affects "substantial rights" if it is "prejudicial and it affected the outcome of the district court proceedings" (internal quotation marks omitted)). By rejecting Drummond's request for a sentence of time served and requiring him to serve additional incarceration, the district court made clear that the seriousness of Drummond's offense could not be addressed through a non-incarceratory sentence.

We have considered Drummond's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court entered on September 1, 2009, is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court