12-2180-cr
United States v. Nesheiwat

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

Present:
        PIERRE N. LEVAL,
        ROBERT A. KATZMANN,
        PETER W. HALL,
                *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                        No. 12-2180-cr

STEPHEN LEWIS,

        *Defendant*,

ISSA NESHEIWAT,

        *Defendant-Appellant*.

---

For Appellee:                    Michael A. Levy, Benjamin Allee, Lee Renzin, Jennifer G.
                                 Rodgers, Assistant United States Attorneys, *for* Preet Bharara,
                                 United States Attorney for the Southern District of New York,
                                 New York, NY

For Defendant-Appellant:          Firas E. Nesheiwat, Law Office of Firas E. Nesheiwat, Poughkeepsie, NY

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Issa Nesheiwat appeals from a January 18, 2012 judgment of conviction entered by the United States District Court for the Southern District of New York (Seibel, *J.*). Nesheiwat pled guilty to one count of conspiracy to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 846, and the district court sentenced him to the mandatory minimum sentence of five years' imprisonment. On appeal, Nesheiwat challenges the legitimacy of his guilty plea, the district court's decision not to apply the safety valve departure to the mandatory minimum sentence, and the effectiveness of his counsel before the district court. We presume the parties' familiarity with the remaining facts and procedural history of this case, as well as with the issues on appeal.

With respect to Nesheiwat's challenge to the sufficiency of his guilty plea, because Nesheiwat did not raise an objection to the sufficiency of his plea below, we review the district court's Rule 11 finding for plain error. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). Under the plain error standard, a defendant must show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."

2

*United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted). In the context of Rule 11 plain error review, the Supreme Court has instructed that the defendant must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Nesheiwat argues that the conduct he admitted to at his guilty plea fails to satisfy every element of the crime of conspiracy because he never admitted to entering into an agreement with others to distribute the cocaine he was purchasing from the government's confidential witness. *See United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997) ("[Fed. R. Crim. P. 11(b)(3)] requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty."). He first points to the jury's acquittal of his codefendant Lewis and argues that Lewis cannot constitute Nesheiwat's coconspirator. This argument is meritless. During his plea colloquy, Nesheiwat admitted to agreeing with friends other than Lewis to distribute the cocaine he purchased from the confidential witness. Lewis's role in the conspiracy is irrelevant to Nesheiwat's guilty plea.

Second, Nesheiwat contends that he is not guilty of conspiracy because the "friends" and "customers" he referred to during his allocution did not enter into a conspiracy with him. He makes two arguments with respect to these coconspirators. First, he suggests that because there are insufficient details regarding the identity of these alleged purchasers or when they entered into an agreement with him, this allocution was insufficient to show conspiracy as charged in the indictment. Second, he asserts that he had only a "buyer-seller" relationship with these friends because he planned only to sell cocaine to them at retail in small amounts, and therefore under existing case law did not enter into a conspiracy to *distribute* the cocaine. *See United States v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009) (describing buyer-seller doctrine as "narrow

3

exception" to conspiracy, which applies even if seller is aware that the buyer intends to resell the drugs).  Nesheiwat argues that his plea failed to evidence a common purpose "to advance other transfers, whether by the seller or by the buyer," sufficient to support a conspiracy conviction. *Id.* at 235.

Both of these arguments are contradicted by the details of the plea colloquy.  After a number of questions from the district court and answers by Nesheiwat, the district court confirmed the details of Nesheiwat's allocution by summarizing as follows:

> THE COURT: I'll clarify, that, before traveling to Rockland and getting arrested, [Nesheiwat] had agreed in advance with some friends that he was going to go buy drugs and they agreed they would buy some of it from him.  Is that accurate?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And you had this understanding with your friends before you set off to Rockland County with the other person?
>
> THE DEFENDANT: Yes, your Honor.

J. App'x 38-39.  From this, it is clear that Nesheiwat admitted to conduct constituting all the elements of conspiracy: there existed an agreement or plan to distribute narcotics; he entered into this agreement with his coconspirators willingly and knowingly; and it involved the distribution or possession with intent to distribute 500 grams and more of cocaine.  *See United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a [Title 21,] section 846 narcotics conspiracy offense are the existence of a conspiracy and the defendant's willful joining it."); *see also United States v. Gonzalez*, 420 F.3d 111, 129 (2d Cir. 2005) (holding drug quantity is an element of any aggravated narcotics offense under 21 U.S.C. § 841(b) that imposes increased penalties on defendant).

4

Similarly, Nesheiwat does not fall under the "narrow" circumstances of the buyer-seller exception to conspiracy. Nesheiwat focuses on the fact that there is no evidence of an agreement that his buyers would be reselling the two kilograms of cocaine Nesheiwat was purchasing. But this ignores that Nesheiwat and his friends agreed that *Nesheiwat* would be purchasing cocaine from the government's confidential witness in order to resell it to them. *See United States v. Rojas*, 617 F.3d 669, 674 (2d Cir. 2010) (holding buyer-seller exception does not apply if parties "shared a conspiratorial purpose to advance other transfers, whether by the *seller* or by the *buyer*" (emphasis added)). Accordingly, because Nesheiwat agreed to serve in effect as the middleman in this transaction, the buyer-seller exception does not apply. The district court did not err in accepting his guilty plea.

Nesheiwat next argues that the district court erred in finding him ineligible for the "safety valve" departure that would allow the court to sentence him below the five-year mandatory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The defendant bears the burden of proving that he has satisfied all of the safety valve criteria. *United States v. Tang*, 214 F.3d 365, 371 (2d Cir. 2000). These criteria include, *inter alia*, proving that he truthfully provided to the government all information and evidence he has concerning the offense. 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). Here, the district court determined that Nesheiwat was not eligible for the safety valve because he had not truthfully described Lewis's role in the conspiracy. On appeal, Nesheiwat contends that he was completely truthful and that in fact Lewis had no knowing role in the conspiracy.

We review for clear error the district court's factual finding that Nesheiwat was not truthful regarding the offense conduct and therefore not entitled to the safety valve departure. *See United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997) (per curiam). Moreover, we

5

generally defer to a district court's factual findings at sentencing, especially those regarding a witness's credibility. *See United States v. Nuzzo*, 385 F.3d 109, 118 (2d Cir. 2004). Nesheiwat has failed to show any clear error here.

The evidence before the district court of Lewis's role in the conspiracy included, *inter alia*, 1) extended phone calls between Lewis and Nesheiwat immediately after Nesheiwat spoke with the government's confidential witness; (2) Nesheiwat texting Lewis "call your peeps; I got those things on deck with the factory stamp," right before the cocaine deal took place; (3) Lewis asking Nesheiwat through text message about the price per pound and availability of marijuana; (4) Nesheiwat attempting to purchase drugs from the cooperating witness within earshot of Lewis; and (5) Lewis having bookmarked websites on his phone about processing cocaine. Although the jury concluded that this evidence did not demonstrate beyond a reasonable doubt that Lewis was guilty of conspiracy, Nesheiwat bore the burden here of proving to the district court by a preponderance of the evidence that he was telling the truth when he denied that Lewis was part of the conspiracy. *Tang*, 214 F.3d at 371. The district court did not clearly err when it rejected Nesheiwat's contention that Lewis had no knowing role in the conspiracy based on the evidence before it.

Finally, Nesheiwat argues that he received constitutionally ineffective assistance of counsel before the district court. He argues that his prior counsel: (1) unduly delayed the entry of the guilty plea; (2) failed to move to dismiss the indictment: (3) failed to argue that the United States Attorney's Office had breached a plea agreement; and (4) failed to ask the district court for a downward departure on the grounds of entrapment and sentencing manipulation. To prove ineffective assistance of counsel, Nesheiwat must show that his "counsel's representation fell below an objective standard of reasonableness" and that there is a reasonable probability that,

6

but for the deficiency in counsel's performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In the context of a case where the defendant pleads guilty, the adequacy of counsel's performance "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012), *and Missouri v. Frye*, 132 S. Ct. 1399, 1407-08 (2012) (holding that Sixth Amendment requires effective assistance during plea bargaining).

We frequently decline to reach claims of ineffective assistance of counsel on the ground that such claims are better suited to resolution through a habeas petition. *See Massaro v. United States*, 538 U.S. 500, 505 (2003). Nevertheless, where the record is sufficiently developed on direct appeal, we will address an ineffective assistance claim if its "resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). Here, we agree with the parties that Nesheiwat's claims can be resolved on direct appeal. We find that all are without merit.

First, the claim that Nesheiwat's counsel provided ineffective assistance by delaying the entry of his guilty plea is specious. Nesheiwat argues that this delay prejudiced him because he was not sentenced until after Lewis's trial ended in an acquittal. He fails to explain how this delay had any bearing on either his guilty plea or the district court's conclusion that Nesheiwat was not truthful with respect to Lewis's role in the conspiracy.

7

Next, Nesheiwat argues that his counsel should have moved to dismiss the indictment after Lewis was acquitted on the ground that there was no longer a "conspiracy" between the two of them. Putting aside that this claim entirely undercuts his previous argument that he was prejudiced by the delay of his sentencing until after Lewis's acquittal, the acquittal of one coconspirator does not render the prior conviction infirm. *See United States v. Garcia*, 882 F.2d 699, 704–05 (2d Cir. 1989). His counsel cannot be deemed ineffective for not pursuing a legally unsupportable motion. *See United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008) (discussing standards for the withdrawal of a guilty plea).

Third, Nesheiwat contends that his counsel was ineffective because he failed to request specific performance of the plea agreement Nesheiwat signed with the government. Again, this argument is specious. Nesheiwat did not sign a plea agreement with the government; he signed only a proffer agreement. Moreover, although Nesheiwat contends that the government agreed not to oppose his request for safety valve relief and "explicitly supported a downward departure," the proffer agreement he cites in fact states that "The Client [Nesheiwat] understands and agrees that in the event the Client seeks to qualify for a reduction in sentence under [the safety valve], the [United States Attorney's] Office may offer in evidence, in connection with the sentencing, statements made by the Client at the meeting and all evidence obtained directly or indirectly therefrom." J. App'x 78. The government charitably chalks up Nesheiwat's position to "confusion"; we think it comes dangerously close to misrepresenting the record to this Court. Regardless, his claim fails.

Fourth, Nesheiwat argues that he received ineffective assistance because his counsel failed to seek downward departures for entrapment and sentencing manipulation. The district court, however, sentenced Nesheiwat to the five-year mandatory minimum. Absent a safety

8

valve departure or a motion by the government pursuant to 18 U.S.C. § 3553(e), the court could not sentence Nesheiwat to any less than the five years he received.  *See United States v. Oliveras*, 359 F. App'x 257, 258 & n.1 (2d Cir. 2010) (summary order) (citing *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).  Therefore, Nesheiwat cannot show prejudice.

We have considered all of the defendant's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK